IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CRAIG R. WOODS | § | |
| v. | § | CIVIL ACTION NO. 6:05cv68 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

  The Plaintiff Craig Woods, an inmate currently confined in the Gregg County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the prison. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding. 28 U.S.C. §636(c). The sole named Defendant remaining in the lawsuit is the Cherokee County Jail.

  An evidentiary hearing was conducted pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) on June 23, 2005. At this hearing, Woods testified that on March 9, 2003, he was involved in a one-car accident four miles east of Troup, Texas, at around 9:30 p.m. He said that an ambulance came to the scene some time after the accident took place, but the medical personnel would not take him to the hospital until law enforcement personnel showed up. Woods estimated that he waited about two hours before the ambulance arrived.

  A Department of Public Safety trooper came to the scene about an hour after the ambulance, Woods said. The officer wanted to do a field sobriety test but Woods said that he could not. The trooper placed him under arrest and took him to the Cherokee County Jail.

  When they arrived at the jail, Woods said that the trooper told someone that he, Woods, had "passed out," but Woods spoke up and said that he had not. He was placed in a holding cell and then went through the book-in procedures. He said that other inmates tried to tell the guards that he needed medical care, but he did not recall being asked if he was injured.

Woods stated that he was released from jail the following day, when he got a friend to find him a bail bondsman. He said that he saw a doctor the next day, and that he had surgery on his neck that week.

Woods explained that his claim against Cherokee County was that they did not screen him for an injury. He said that he thinks that the trooper may have said that he was not hurt, and the county officials "just believed it." He said that he did not know what the emergency medical personnel may have told the trooper.

Woods reiterated that he did not recall being asked at the jail if he were injured. He identified his signature on a medical book-in form at the jail; this form stated that Woods had no medications, prescriptions, or current medical problems needing attention, that there was no evidence of recent physical injury seen on him, and that he had not been treated for any injuries prior to admission to the jail. Woods said that he "must not have seen" this part of the form, saying that he did not have his glasses.

Lt. David Chandler testified that he was a jail officer in 2003. He said the book-in form was standard procedure and that inmates were asked the questions on the form so that the jail officials could tell if there were any medical problems. Lt. Chandler specifically said that inmates were given the opportunity to state whether or not they had any injuries when the questions were asked.

Chandler conceded that he had not personally booked Woods into the jail. He said that if the inmate plainly could not understand the questions, they would not be asked. He explained that if an inmate was too intoxicated to answer questions, the inmate could be placed in a holding cell until he was able to answer.

If an inmate being booked in had obvious injuries, Chandler said, the arresting officer should take him to the hospital before bringing him to the jail. Chandler stated that the jail officials could tell the arresting officer to do so if necessary.

A photograph of Woods was offered into evidence. Woods stated that the photo shows a spot on his right ear where he was bleeding. Chandler viewed the photograph and said that the spot

showed there looked like acne to him. He stated that Woods had no obvious puncture wounds or bleeding. A copy of the accident report was also offered in, on the stipulation of the parties. The Court has reviewed the photograph and observed no apparent signs of bleeding or trauma.

Legal Standards and Analysis

The sole named defendant in the lawsuit is the Cherokee County Jail. However, the county jail has no separate legal existence, apart from the county, and thus cannot be sued in its own name. Darby v. Pasadena Police Department, 939 F.2d 311, 313 (5th Cir. 1991); *see also* Shelby v. Atlanta, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984); Post v. Ft. Lauderdale, 750 F.Supp. 1131 (S.D. Fla. 1990); Missouri ex rel. Gore v. Wochner, 475 F.Supp. 274, 280 (E.D. Mo. 1979), *aff'd* 620 F.2d 183 (8th Cir. 1980). To the extent that Woods sues the Cherokee County Jail itself, his claim is without merit.

Even were the lawsuit construed as one against Cherokee County, Woods has failed to set out any basis for relief. In Board of County Commissioners of Bryan County, Oklahoma v. Brown, 117 S.Ct. 1382 (1997), the Supreme Court rendered a decision on the liability of counties in Section 1983 lawsuits. That case involved the allegedly improper hiring of a sheriff's deputy without adequate review of his background, which included a record of driving infractions as well as guilty pleas to misdemeanors including assault and battery, resisting arrest, and public drunkenness.

The Supreme Court held that plaintiffs seeking to impose liability on a municipality under Section 1983 must identify a municipal policy or custom that caused the plaintiff's injury. A "policy" refers to decisions of a duly constituted legislative body or those officials whose acts may fairly be said to be those of the municipality, while a "custom" is a practice which has not been formally approved by an appropriate decision-maker, but which is so widespread as to have the force of law. A municipality may not be held liable solely on a theory of *respondeat superior*. Brown, 117 S.Ct. at 1388.

The Supreme Court cautioned that it is not enough for a plaintiff to identify conduct properly attributable to the municipality; rather, the plaintiff must also demonstrate that, through its deliberate

conduct, the municipality was the moving force behind the injury alleged. In other words, the plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights. Brown, 117 S.Ct. at 1388.

There are two general types of cases which can arise in the realm of municipal liability. The first of these is where a plaintiff claims that a particular municipal action itself violates the law, or directs an employee to do so. Section 1983 itself contains no state-of-mind requirement independent of that necessary to state a violation of the underlying federal right, but the plaintiff must always show the culpable state of mind necessary to establish the underlying constitutional violation. The Supreme Court observed that proof that a municipality's legislative body or authorized decision-maker intentionally deprived a plaintiff of a federal protected right necessarily shows that the municipality acted culpably, as does a conclusion that the action taken or directed by the municipality or its authorized decision-maker itself violates federal law. Brown, 117 S.Ct. at 1388-89.

The second type of case is that in which no allegation is made that the municipal action itself violated federal law, or that the municipality directed or authorized the violation of federal rights. The Supreme Court stated that these cases present much more difficult problems of proof because the fact that the plaintiff suffered a deprivation of federal rights at the hands of a municipal employee is not itself enough to permit an inference of municipal culpability and causation. Brown, 117 S.Ct. at 1389-90. Thus, in the context of the facts of Brown, the Court held that a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences; a showing of simple or even heightened negligence will not suffice. Brown, 117 S.Ct. at 1390; *see also* Colle v. Brazos County, Texas, 981 F.2d 237, 244 (5th Cir. 1993).

In this case, Woods has failed to point to either a municipal policy by Cherokee County which violates the law or directs an employee to do so, or to municipal action by Cherokee County which was taken with deliberate indifference to his constitutional rights. Nor has Woods met the "single incident" exception in Bryan County, which holds that in certain extreme circumstances, a single act by a municipal employee can form the basis of municipal liability apart from a pattern of unconstitutional activity. To rely on this exception, the plaintiff must prove that the "highly predictable" consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the "moving force" behind the constitutional violation. Roberts v. City of Shreveport, 397 F.3d 287, 295 (5th Cir. 2004).

Instead, the evidence shows that Woods was booked into the jail without complaining of any injury, and the photo indicates that no injury was apparent. The normal practice of the county is to ask incoming prisoners about injuries, and the form shows that Woods disclaimed having any. Although Woods stated that after his release from the jail, he had to have surgery, this was for a neck injury, which is not something that would necessarily be visible. Woods could not categorically state that he never told the jail officials that he was in fact hurt; instead, he merely said that he did not recall being asked, not that he was not asked. While the Court accepts Woods' testimony as true, the forms showing that Woods denied injury are not inconsistent with his testimony.

The evidence shows that the policy of Cherokee County was to question inmates about injury, and to have arresting officers take inmates requiring medical care to the hospital. This policy does not itself violate Woods' constitutional rights. Nor has Woods shown that an authorized decision-maker for the county intentionally deprived him of his constitutional rights or directed that someone else do so.

As noted above, a showing of liability under the "single incident" exception requires a showing of a failure to train. As a general rule, the inadequacy of training amounts to a constitutional violation only where the failure to train amounts to deliberate indifference to the rights of those persons with whom the inadequately trained officers come into contact. City of Canton,

5

Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 1204-05 (1989).  Specifically, the Fifth Circuit has held that in a case involving failure to train or supervise, the plaintiff must show (1) an actual failure to train or supervise, (2) a causal connection between this failure and the violation of his rights, and (3) that the failure amounted to gross negligence or deliberate indifference.  Doe v. Taylor Independent School District, 15 F.3d 443, 452-53 (5th Cir. 1994); Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986).

In this case, Woods has not shown any of the three pre-requisites necessary for a viable failure-to-train claim.  Thus, he has not shown any valid basis for liability on the part of Cherokee County, the sole named defendant in the lawsuit.  As a result, his claim against Cherokee County must fail.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees.  Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Woods' claims lack any arguable basis in law and fail to state a claim upon which relief may be granted in federal court.  Consequently, these claims may be dismissed as

frivolous under 28 U.S.C. §1915A(b).  *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993).  It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **8**   day of **August, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE